```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVIS HAYES,                                               :
                                                            :
                    Petitioner,                             :
                                                            :
       -against-                                            :
                                                            :
ROBERT ERCOLE, Superintendent,                              :      09 Civ. 5178 (PAC) (GAY)
Green Haven Correctional Facility,                          :      ORDER ADOPTING REPORT AND
                                                            :      RECOMMENDATION
                    Respondent.                             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 25, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Travis Hayes ("Hayes"), pro se, seeks habeas corpus relief from his September 23, 2003 conviction for manslaughter in the first degree and criminal possession of a weapon in the second degree. During the early morning hours of December 21, 2002, Hayes shot and fatally wounded Usanda Thompson ("Usanda") after Hayes intervened in Usanda's "tussle" with one Albert Blamoville ("Blamoville"). Hayes was tried before a jury in New York County Court, Orange County, and thereafter sentenced as a violent felony offender to consecutive determinate terms of twenty-five years, and seven years. Hayes was also sentenced to consecutive five- and three-year periods of post-release supervision.

On June 3, 2009, Hayes filed a federal habeas petition, pursuant to 28 U.S.C. § 2254, in which he raises the same issues raised in his appeal of his state court conviction. On June 12, 2009, United States District Judge Stephen C. Robinson referred this case to Magistrate Judge George A. Yanthis. On June 15, 2012, Magistrate Judge Yanthis issued a Report and Recommendation ("R&R") recommending that the Court deny the petition in its entirety. Hayes filed timely objections to the R&R on July 2, 2012, which the Court received on July 9, 2012. (Dkt. 25.)

1

The Court has reviewed the R&R and Hayes' objections. For the reasons that follow, the Court adopts Magistrate Judge Yanthis' Report and Recommendation in its entirety. Hayes' petition is, therefore, denied.

## BACKGROUND[1]

**A. Facts**

On December 21, 2002, at approximately 3:30 a.m., Usanda, his brother Lakem Thompson ("Thompson"), and friends left Bricks Bar in Newburgh. The group traveled in Usanda's minivan and stopped at a store. Blamoville appeared and asked to speak with Usanda, who did not respond. After speaking with Hayes at the side of the store, Blamoville returned to the van and again asked to speak with Usanda.

After Usanda got out of the van, members of the group heard him say that Blamoville had a gun. Usanda, who was unarmed, grabbed Blamoville from behind and held him in a bear hug. Thompson, who was standing about seventeen feet away, testified that Blamoville appeared to be reaching for a gun at his waist, but that Usanda prevented Blamoville from reaching the weapon. Hayes then appeared and yelled for Usanda to get off Blamoville. Hayes reached for his own hand gun and struck Usanda on his head. Two witnesses testified that Hayes cocked the hammer of the gun after he removed it from his waistband. The gun fired after Hayes struck Usanda. Hayes then pointed the gun toward Usanda's body and fired again. Blamoville broke free and shot at Usanda as Usanda ran toward the van. Hayes also shot at Usanda and then fled the scene. Witnesses heard a total of three to four shots. Usanda was transported to Saint Luke's Hospital, where he died from a gunshot wound. Police recovered two .45 caliber shell casings from the scene and determined that they were fired from the same weapon. A "jacketed .38 caliber

---

[1] All facts are taken from the R&R unless otherwise noted.

projectile" bullet was also recovered from Usanda's body.  Police suspected that this bullet likely came from a revolver.

Hayes was arrested on March 6, 2003 and charged with two counts of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

At trial, Thompson testified that about two weeks before the incident, Usanda told Hayes to pay for a broken windshield that Hayes had shot.  During the same conversation, Hayes told Usanda to stay away from his girlfriend, Kadisha Sampson ("Sampson"), with whom Hayes had a child.  Usanda was also dating Sampson, and he continued seeing her after this confrontation.

Hayes took the stand in his own defense.  He denied that he was aware of Usanda's relationship with Sampson.  On the night of December 21, 2002, Hayes testified that he saw Usanda and Blamoville "tussling."  Hayes knew that Blamoville carried a gun "a lot."  He approached in order to break up the fight, and as he neared, a gun fell onto the ground.  Hayes saw Thompson moving toward the fallen gun, and Hayes grabbed it from the ground.  Hayes told Usanda to get off Blamoville, and then hit Usanda on the head with the gun he had picked up.  The gun fired.  Hayes initially thought he had shot Usanda in the head.  He testified that he pointed the gun at the van as it backed up and hit him.  Hayes could not recall if the gun fired.  Hayes also testified that ten days prior to the incident, he spoke with Jamad Willis ("Willis").  Willis stated that Usanda and his friends had attempted to kidnap him and that he was scared for his life.

On September 23, 2003, the jury convicted Hayes of manslaughter in the first degree and criminal possession of a weapon in the second degree.

**B. Procedural History**

On direct appeal, Hayes made four arguments: (1) the trial court erred in not permitting him to call a witness to testify about a prior incident involving Usanda; (2) the prosecution's evidence at trial was legally insufficient; (3) the verdict was against the weight of the evidence; and (4) the sentence was excessive. In a decision and order dated March 29, 2007, Hayes was granted leave to file a supplemental pro se brief. In his supplemental brief, Hayes raised two additional issues: (1) the trial court erred when it denied the defense's request to give a temporary innocent possession charge to the jury; and (2) he was denied effective assistance of counsel.

On May 6, 2008, the Appellate Division affirmed the judgment of the trial court. See People v. Hayes, 858 N.Y.S.2d 242 (N.Y. App. Div. 2d Dep't 2008). On June 5, 2008, Hayes sought leave to appeal to the New York Court of Appeals, but raised only four of his six claims (lack of temporary innocent possession jury charge, ineffective assistance of counsel, excessive sentence, and legal sufficiency of the evidence). On July 7, 2008, Hayes filed a supplemental application in which he argued three of the four points in his first letter (omitting the argument for insufficient evidence), and added his claim for deprivation of the right to present a defense. On August, 12, 2008, the Court of Appeals denied Hayes' application for leave to appeal. People v. Hayes, 11 N.Y.3d 737 (2008).

On June 15, 2009, Hayes filed his federal habeas petition asserting four grounds for relief: (1) legally insufficient evidence to support the jury's verdict; (2) the trial court erred in not permitting him to call a witness; (3) failure to provide his requested jury instruction on

temporary lawful possession rendered the trial "fundamentally unfair"; and (4) ineffective assistance of counsel.[2]

**C. Magistrate Judge Yanthis' R&R**

On June 15, 2012, Magistrate Judge Yanthis issued a Report and Recommendation recommending that the Court deny the petition in its entirety.

    1. AEDPA and Exhaustion Requirements

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may not grant a writ of habeas corpus unless a petitioner has exhausted his remedies available in the state courts. See id. § 2254(b). A habeas petitioner exhausts his state-court remedies by "fairly present[ing]" each federal claim for relief to the highest state court capable of review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and legal premises of the claim [a

---

[2] On October 26, 2010, Hayes moved to place his petition in abeyance while he exhausted his challenge to the legality of his sentence in state court. Magistrate Judge Yanthis found that this claim did not relate back to those set forth in Hayes' habeas petition, and that any amendment would therefore be untimely. (See Dkt. 21.) Accordingly, Magistrate Judge Yanthis denied Hayes' abeyance motion on January 3, 2011.

petitioner] asserts in federal court.'" Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (citation omitted). A habeas petitioner must also appeal his conviction to the highest state court. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981).

    2. Sufficiency of the Evidence at Trial

Hayes argues that he is entitled to habeas relief because the evidence at trial was legally insufficient to support a conviction of first degree manslaughter as an accessory pursuant to New York Penal Law §§ 125.20, 20.00.[3] Hayes asserts that he saw Usanda holding Blamoville in a bear hug. He contends that he picked up the fallen gun and struck Usanda in order to free Blamoville. Hayes claims that it was Blamoville, not Hayes, who shot Usanda in the back. Hayes further claims that his conduct was legally insufficient to prove that he shared Blamoville's intent. The Appellate Division rejected this claim on its merits. Hayes, 858 N.Y.S.2d at 243.

A petitioner is entitled to habeas relief on a claim of legally insufficient evidence only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). A federal habeas court views the evidence in the light most favorable to the prosecution and draws all inferences in the prosecution's favor. Id. at 319. The Court defers to the jury's assessment as to witness credibility and the weight of the evidence. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

Under New York law, a person is guilty of first-degree manslaughter when "[w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person." N.Y. Penal Law § 125.20(1). A person need not directly cause the death of

---

[3] Hayes does not question the legal sufficiency of the weapons conviction.

another to be criminally liable for first-degree manslaughter, and may be held criminally liable for the conduct of another.  Id. § 20.00.

Magistrate Judge Yanthis found that the evidence at trial was sufficient for the jury to reasonably infer that Hayes had the requisite intent to cause serious physical injury to Usanda. (R&R at 13.)  First, Thompson's testimony established a motive: Usanda defied Hayes' command to stop seeing Hayes' girlfriend.  Second, Hayes was seen having several conversations with Blamoville in between Blamoville's attempts to get Usanda out of the van. Hayes also entered the fray right after Usanda and Blamoville began to wrestle.  Hayes testified that he knew that Blamoville frequently carried guns, and he admitted that he hit Usanda over the head with a gun.  Indeed, five witnesses testified that Hayes took the gun from his waistband before hitting Usanda.  Finally, by hitting Usanda over the head with a gun, Hayes enabled Blamoville to free himself, access his gun, and fire the fatal shot at Usanda.  Given this evidence, Magistrate Judge Yanthis found that the Appellate Division properly rejected Hayes claim as to insufficient evidence.  See 28 U.S.C. § 2254(d).

### 3. Hayes' Right to Call a Witness

Hayes claims that the trial court's exclusion of a potential defense witness's testimony violated his Sixth Amendment right to present a defense.  Specifically, Hayes sought to call Willis, who would have testified that Usanda attempted to kidnap him on December 9, 2002, 12 days prior to the shooting.  Hayes argues that this testimony would have shown Hayes' state of mind when he witnessed the altercation between Usanda and Blamoville.  He contends that the testimony would have supported his theory that he reasonably believed Usanda was attempting to kidnap Blamoville, and that Hayes was justified in his actions.

While the trial court excluded Willis, it allowed Hayes to testify that Willis told him that Usanda had attempted to kidnap him, and that he, Willis, was scared for his life. Hayes also testified that the conversation with Willis "worried and scared" him. The Appellate Division rejected Hayes' Sixth Amendment claim on the merits. Hayes, 858 N.Y.S.2d at 243.

Although the right to call a witness in order to present a meaningful defense is a fundamental constitutional right, the right to present evidence is subject to "reasonable restrictions" by the trial court. See United States v. Scheffer, 523 U.S. 303, 308 (1998). Thus, a trial court "may refuse to allow cumulative, repetitive, or irrelevant testimony." Geders v. United States, 425 U.S. 80, 87 (1976).

In analyzing whether the exclusion of evidence violated the defendant's right to present a complete defense, the habeas court starts with "the propriety of the trial court's evidentiary ruling." Wade v. Mantello, 333 F.3d 51, 59 (2d Cir. 2003). If the trial court's evidentiary ruling was correct as a matter of state law, the Court examines only "whether the evidentiary rule is arbitrary or disproportionate to the purposes [it is] designed to serve." Hawkins v. Costello, 460 F.3d 238, 244 (2d Cir. 2006) (internal quotation marks and citation omitted). A state evidentiary rule is "unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused." Id. (citing Scheffer, 523 U.S. at 308).

Under New York law, a defendant who is asserting a justification defense to homicide may introduce evidence of the victim's specific acts of violence, so long as they "relate reasonably, in time and quality, to the defense raised by the defendant." People v. Miller, 39 N.Y.2d 543, 552 (1976). The extent to which evidence of prior violent acts may be proved is within the discretion of the trial court. Id.

8

Magistrate Judge Yanthis found that the trial court's decision to omit Willis' testimony was not erroneous. (R&R at 16.) Defense counsel conceded that the alleged kidnapping attempt did not involve violence; Usanda was unarmed and Willis was not harmed. In addition, Hayes was permitted to testify about the alleged conversation he had with Willis. A defense witness also alluded to a possible kidnapping when he stated that Usanda attempted to drag Blamoville into the van. Thus, Magistrate Judge Yanthis found that the trial court allowed Hayes to present evidence in support of his theory, and that its ruling was not erroneous.

Magistrate Judge Yanthis also found that the New York evidentiary rule that the trial court applied was not arbitrary or disproportionate to its aims. (R&R at 16-17.) Given the marginal probative value of Willis' testimony, Magistrate Judge Yanthis found that there was no basis to find that its omission infringed on any of the petitioner's "weighty interests." Accordingly, Hayes was not deprived of his right to present a defense, and Magistrate Judge Yanthis rejected Hayes' claim for habeas relief.

    4. <u>Temporary Lawful Possession Jury Charge</u>

Hayes claims that the trial court violated his due process rights by failing to give a temporary lawful possession charge to the jury with respect to the crime of criminal possession of a weapon in the second degree. Hayes asserts that because there was conflicting testimony about whether he had the gun in his waistband before he hit Usanda, the jury should have received the charge requested by his attorney. Hayes contends that by not granting the request, the prosecution was relieved of its burden of proof with respect to Hayes' reasonable belief that he was preventing imminent injury to another citizen. The Appellate Division rejected Hayes' arguments on the merits. <u>Hayes</u>, 858 N.Y.S.2d at 243.

To establish that an erroneous jury charge deprived him of the right to a fair trial, a petitioner must show that he "was erroneously deprived of a jury instruction to which he was entitled under state law," and that the failure to instruct the jury violated due process. Jackson v. Edwards, 404 F.3d 612, 621 (2d Cir. 2005) (citation omitted). Under New York law, "to trigger the right [to a charge of temporary or innocent possession] there must be proof in the record showing a legal excuse for having a weapon in [defendant's] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner." People v. Williams, 50 N.Y.2d 1043, 1045 (1980).

Magistrate Judge Yanthis found that the trial court's refusal to give the specific instructions requested by Hayes was not erroneous, and that there was no due process violation. (R&R at 18-19.) Considering only Hayes' version of events, Magistrate Judge Yanthis found that there was no reasonable view that would have supported the requested jury charge. Moreover, the jury charge given by the trial court did not relieve the prosecution of its burden of proof, as Hayes claims. First, the jury was given a permissive presumption in regard to possession of a loaded weapon. Second, the trial court judge delineated the four elements of criminal possession of a weapon in the second degree and instructed the jury that each of the elements must be proven beyond a reasonable doubt. In light of the record and the jury charge as a whole, Magistrate Judge Yanthis found that the trial court did not err by refusing to give Hayes' requested jury instructions, and rejected Hayes' claim for habeas relief.

5. Ineffective Assistance of Counsel

Hayes claims he was denied his Sixth Amendment right to effective assistance of counsel when his attorney withdrew his request for a justification charge. He contends that the evidence was sufficient to support a finding that he had a "reasonable belief" that Usanda was trying to

10

kidnap Blamoville, and that trial counsel's decision to withdraw the request "substantially infringed" on his right to due process. The Appellate Division rejected Hayes' arguments. Hayes, 858 N.Y.S.2d at 243.

Ineffective assistance of counsel claims are analyzed under the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish ineffective assistance, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." Id. Under the first component, a petitioner must show that "counsel's representation fell below and objective standard of reasonableness." Id. at 688; see also Harrington v. Richter, -- U.S. --, 131 S.Ct. 770, 788 (2011) (emphasizing that the Strickland "standard for judging counsel's representation is a most deferential one"). Performance is deficient when a petitioner shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Harrington, 131 S.Ct. at 788 (internal quotations and citations omitted).

Under New York law, a person may "use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person[.]" N.Y. Penal Law § 35.15(1). A person may not use deadly physical force upon another person unless the actor "reasonably believes that such other person is using or about to use deadly physical force[,]" id. § 35.15(2)(a), or "reasonably believes that such other person is committing or attempting to commit a kidnapping . . . ." Id. § 35.15(2)(b).

11

Magistrate Judge Yanthis found that the evidence at trial did not support a charge of justification. (R&R at 22-23.) Hayes knew that Blamoville frequently carried a gun, especially at night. Hayes also admitted that he did not see Usanda with a gun during the altercation. Defense counsel also conceded that during Usanda's alleged attempt to kidnap Willis, Usanda was not armed and Willis was not harmed. Accordingly, there was no reason for Hayes to have believed that Usansda was about to use unlawful or deadly physical force upon Blamoville. Magistrate Judge Yanthis found that trial counsel's decision not to pursue a justification defense was entitled to deference. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Magistrate Judge Yanthis found that even if trial counsel had pursued a justification defense, Hayes did not demonstrate a reasonable probability that the jury would have found him not guilty. Accordingly, Magistrate Judge Yanthis found that the Appellate Division properly denied Hayes' claim for ineffective assistance of counsel.

## DISCUSSION

### A. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the Court reviews the contested portions de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the [c]ourt will review the Report strictly for clear error . . . . Objections to a Report must be specific and clearly

aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

## B. Hayes' Objections

Hayes fails to state any cognizable objection to the R&R. Rather, Hayes states that Magistrate Judge Yanthis "either misinterpret [sic] the law or misapplied the application of federal and state statutes that should have been afforded to petitioner as to issues presented within his application for a Writ of Habeas Corpus." (Dkt. 25, at 2.) This generalized objection is insufficient to raise any questions about Magistrate Judge Yanthis' Report and Recommendation. Accordingly, Hayes' objection is without merit, and his petition for habeas corpus is dismissed.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Yanthis' R&R in its entirety. Hayes' petition for a writ of habeas corpus is dismissed. As the petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
July 25, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

13

Copies mailed to:

Travis Hayes
DIN# 03-A-5953
Greenhaven Correctional Facility
P.O. Box 4000
Stormville, NY 12582